ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
JEREMY GREENE,

                        Plaintiff,

     v.

SCORES HOLDING COMPANY, INC., ET AL.

                        Defendants.
-------------------------------------------------

19 Civ. 6157 (LLS)

~~PROPOSED~~ SCHEDULING ORDER

The parties jointly submit this proposed Scheduling Order in accordance with this Court's Order dated October 22, 2020.

1. **Date of the Conference and Appearances for the Parties**: The Initial Scheduling Conference is scheduled for November 20, 2020.

   The following appearances are noted:

   A. For Plaintiff:
   Randolph Daniel Janis
   Douglas & London, P.C.
   59 Maiden Lane, 6th Floor
   New York, New York 10038
   (212) 566 7500
   rjanis@douglasandlondon.com

   B. For Defendants:

   Steven Harfenist, Esq.
   Harfenist, Kraut & Perlstein, LLP
   Attorneys for defendants Scores
   Company Inc, et al.
   3000 Marcus Avenue, Suite 2E1
   New Hyde Park, NY 11042
   516 355 9600

2. **A concise statement of the issues as they now appear**: The parties identify the following issues:

   **Plaintiff identifies the following**: Pursuant to the Court's Order dated March 18, 2020 [Doc. 33], two causes of action are proceeding forward:(1) Plaintiff's breach of contract claim regarding the ScoresLive.com Consultancy Agreement; and (2) Plaintiff's unjust enrichment claim regarding work he performed for Defendants relating to ScoresCasino.com for which he was never compensated as promised.

With respect to Plaintiff's breach of contract claim, Plaintiff entered into a contract with Defendants on September 6, 2012 ("Consultancy Agreement"), and, pursuant to its terms, Jeremy Greene was to garner new customers and new business relationships for ScoresLive.com to improve ScoresLive.com's revenues and profits ("Leads") in exchange for which he was to receive a $10,000.00 monthly draw and quarterly share payments of 15% of the business's net revenue from the Leads that he generated, provided that the net revenue was greater than $30,000.00 per quarter. Termination of the Scores Consultancy Agreement required 15 days prior written notice. Upon termination of the agreement, the $10,000.00 monthly draw payments would cease, but the 15% share payments from Leads originally generated by Jeremy Greene would remain in force for three years post termination.

Plaintiff performed all of his obligations pursuant to the Consultancy Agreement, but Defendants breached their obligations by terminating his monthly draw of $10,000 in or about September 2014 and never paying him his quarterly 15% of the net revenue. Plaintiff seeks restitution for Defendants' breach of contract.

As to Plaintiff's unjust enrich claim, in or about February 2016, Plaintiff was asked by Defendants to procure new monetary and internet traffic investors for Defendants' ScoresCasino.com, and in exchange for his work, Defendants promised to compensate Plaintiff with a job as a salaried employee at ScoresCasino.com, preferred stock shares and company equity. Defendants' promises were made orally as well as through various written communication platforms including, but not limited to, skype chats, text messaging and emails. For 21 months, Plaintiff spent hundreds of hours of his time and his resources and expended money from his own pocket targeting and developing potential investors. During the time period that he was doing this work for Defendants, Defendants were relying upon Plaintiff and would contact him to check on the status of his work and to see what the "next step" should be for the ScoresCasino.com. In performance of his duties and thanks to his unique skillset, Plaintiff procured Monster Ads and Mr. Moser as potential investors and introduced them to Defendants. In or about December 2017, separate operating agreements were signed between MonsterAds and Defendants and Mr. Moser and Defendants as a result of the many hours spent by Plaintiff working on Defendants' behalf. Both Monster Ads and Mr. Moser agreed to invest $1 million worth of internet traffic for ScoresCasino.com as a result of Plaintiff's work. As a result of procuring MonsterAds and Mr. Moser as investors, Plaintiff contributed to the financial success of ScoresCasino.com, allowing Defendants to profit handsomely. However, Defendants have failed to compensate Plaintiff at all for his work. Equity and good conscience require that Defendants make restitution. Representatives from both MonsterAds and Mr. Moser have asked Defendants to provide Plaintiff with substantial compensation for the work he performed on their behalf in procuring them as investors and have stated that they would not have invested substantial funds in ScoresCasino.com had it not been for the work of Plaintiff Jeremy Greene.

**Defendants identify the following:** No breach of contract occurred and otherwise deny Plaintiff entitled to any relief set forth above.

### 3. Proposed Schedule:

The parties propose that fact depositions be concluded by the close of fact discovery, March 19, 2021. To the extent that additional depositions are needed, the parties will confer in good faith.

#### A. Names of persons to be deposed and a schedule of planned

Plaintiff at this time anticipates Plaintiff may need to take fact depositions of witnesses including the following:

1. Robert Gans
2. Charilaos Yioves a/k/a Harry Yioves
3. Corporate Representatives of Score Holding Company Inc.
4. Corporate Representatives of Scores Media Group, LLC
5. Corporate Representatives of Swan Media Group, Inc.
6. Corporate Representatives of Swan Digital Gaming, LLC
7. Corporate Representatives of MonsterAds
8. Adam Small
9. Reto Moser
10. Stefan Mulhbauer
11. Howard Rosenbluth

Additional witnesses as may be revealed in discovery.

(1) Defendants: Defendants at this time anticipate they may need to take fact depositions of witnesses including the following:

1. Jeremy Greene

    B. **Schedule for production of documents**: Production of documents shall be substantially completed by: February 19, 2021.

    C. **Dates for expert reports and expert depositions**: Plaintiff's expert reports shall be served by April 19, 2021. Defendants are not calling an expert to testify. Expert depositions shall be completed by June 18, 2021.

    D. **Time when discovery is to be completed**: Fact discovery shall be completed by March 19, 2021 and expert discovery shall be completed by June 18, 2021.

    E. **The date by which Plaintiff will supply his pre-trial orders materials to defendant.**

Plaintiffs will supply his pre-trial orders materials to defendant: August 19, 2021.

*[Handwritten annotation in left margin:] July 30, 21 at 12 noon Status conference re when to file Final Pretrial Order and have Final Pretrial conference   LLS*

F. Date by which parties will submit a Pretrial Order Conforming with the Court's Instructions: ~~September 29, 2021.~~

G. Date for Final Pre-Trial Conference: _____

4. **A statement of any limitations to be placed on discovery, including any protective or confidentiality orders**: The parties are not aware of any such limitations to be placed on discovery at this stage of the case.

5. **Discovery Issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement**: The parties are not aware of disputed discovery issues at this stage of the case.

6. **Anticipated Fields of Expert Testimony**:

A. Plaintiffs: Plaintiffs at this time anticipate the following possible areas of expert testimony:
1. Business Valuation Expert
2. Economic Expert
3. Financial Forensic Expert

Defendants: No expert testimony.

7. **Anticipated Length of Trial and whether to Court or Jury:**

The parties anticipates that trial can be completed in 5 trial days or fewer. The case will be tried to a jury.

8. **Alteration or Amending of Scheduling Order**: This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when ~~justice so requires~~

9. Names, addresses, phone numbers and signatures of counsel:

Randolph Daniel Janis, Esq.
Douglas & London, P.C.
For Plaintiff Jeremy Greene
59 Maiden Lane, 6th Floor
New York, New York 10038
212 566 7500

Steven Harfenist Esq.
Harfenist, Kraut & Perlstein, LLP
Attorneys for defendants Scores Holding Company Inc, et al.
3000 Marcus Avenue, Suite 2E1
New Hyde Park NY 11042
516 355 9600

On this day 20th day of November 2020
Approved by:
_Louis L. Stanton_
The Honorable Louis L. Stanton
United States District Judge