ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/6/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JEREMY GREENE,

                        Plaintiff,          DOCKET NO.:
                                              19-CV-6157 (LLS)

                                              **PROTECTIVE ORDER
                                              GOVERNING THE USE
                                              OF CONFIDENTIAL
           -against-                            MATERIALS AND
                                              INFORMATION**

SCORES HOLDING COMPANY, INC., SCORES
MEDIA GROUP, LLC, SWAN MEDIA GROUP, INC.
SCORES DIGITAL GAMING, LLC, ROBERT
GANS, CHARILAOS YIOVES a/k/a HARRY YIOVES,

                       Defendants.
-----------------------------------------------------------------X

       The parties and/or non-parties may possess confidential business, personal and/or technical information, which may be required to be disclosed during the course of this litigation. The parties wish to limit disclosure and prevent the use of such information for purposes other than the prosecution and defense of this action. Further, the parties wish to facilitate the exchange of expert reports and documents submitted to the Court in a manner that will allow sharing of the expert reports and documents with party representatives without divulging such confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the stipulation and agreement of the parties to give effect thereto, the following terms of a protective order regarding confidential information are hereby Ordered:

## PROTECTIVE ORDER

1. **Confidential Information**. The Court retains discretion whether to afford confidential treatment to any document or information contained in any document submitted to the Court. "Confidential Information," for purposes of this Order, is defined as non-public information that

is treated by the proprietor thereof as confidential and proprietary information and that involves or relates to (a) trade secrets or competitively sensitive information, (b) other confidential technical, business, operational, financial, or personal information of a party (or a third person whose information the party is under a duty to maintain in confidence). The term Confidential Information shall include all information, documents, and things incorporating or reflecting Confidential Information including copies, summaries, abstracts, notes, derivatives, electronic information, photographs, negatives, blow-ups, exhibits, and similar things. No item shall qualify to be protected as Confidential Information after it has been disclosed in a printed publication or other public medium available to the public or trade by reason of dissemination by one having the right to do so, or is generally known throughout the trade and public, or is or comes to be known to the receiving party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Order. However, until such time as the Court rules on declassification pursuant to Paragraph 2, below the designation of Confidential Information as CONFIDENTIAL in accordance with Paragraph 3, below, shall be honored by all persons receiving such information in accordance with this Order.

2. **Declassification**. The restrictions upon and obligations accruing to persons who become subject to this Order shall not apply to any information produced in accordance with Paragraph 3 below as to which the Court rules, or the parties agree, is not to be treated as Confidential Information as defined in Paragraph 1.

3. **Designations**. Any information produced in this litigation at any time, either voluntarily or pursuant to order, orally or in writing, that is asserted in good faith by the producing party or

non-party to contain or constitute Confidential Information shall be so designated by such producing party or non- party, as follows:

    a. A producing party or non-party, prior to or coincident with supplying copies of documents and things requested by the inspecting party, shall designate such copies as containing Confidential Information by clearly and prominently marking on their face, including each designated page of a multi-page document, the legend CONFIDENTIAL or a similar legend, or shall otherwise advise the receiving party in writing as to the confidentiality of such documents or things;

    b. If contained in a written response to a discovery request, such as an interrogatory, the written response shall be designated CONFIDENTIAL or a similar designation, or the receiving party otherwise shall be previously or simultaneously advised in writing of such confidential status, and the information may be served and filed in a separate document if desired;

    c. If Confidential Information is contained in deposition, hearing, or other testimony, the transcript may be designated as containing Confidential Information in accordance with this Order by so notifying the other parties on the record, at the time of the testimony, or by notifying the other parties in writing, within 30 days after receipt of the transcript by the producing party or non-party, of the specific pages and lines of the transcript that contain such Confidential Information. Except for information not qualifying as Confidential Information under Paragraph 1, all transcripts of hearings, depositions, or other testimony, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing Confidential Information and subject to this Protective Order until the time for designation has expired.

4. **Submission to Court.** All transcripts (of hearings, depositions, or other testimony), exhibits (including demonstrative exhibits), pleadings, discovery responses, and documents or things marked CONFIDENTIAL when filed with, or submitted to the Court prior to trial, and any pleadings, memoranda, exhibits (including demonstrative exhibits), affidavits, letters, documents, or things filed with, or submitted to the Court prior to trial, or the confidential portions thereof, that reproduce, partially reproduce, or paraphrase, information that has been designated CONFIDENTIAL shall be delivered sealed to the assigned Judge, Magistrate Judge or Clerk of the Court, and shall not be available for public inspection. Envelopes used to seal such documents shall carry the caption, the above designation and any other notation required by Court for designation of confidential materials.

LLS

5. **Restrictions on Disclosure of Confidential Documents.** Except with prior written consent of the party producing the Confidential Information, and except as provided elsewhere in this Order and subject to Paragraph 8, documents designated CONFIDENTIAL under this Order and all information contained in them or derived from them, may not be disclosed to any person other than:

a. The parties, in-house counsel for the parties, outside counsel for the parties, and the partners, associates and employees of such attorneys' law firms who are working on this litigation.

b. Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this lawsuit.

c. Actual or potential deponents or witnesses in this action, if (i) such person had prior lawful access to such information or (ii) shall have first executed an Undertaking in the form annexed hereto as Appendix 1.

d. Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this lawsuit.

e. Insurance underwriters to the parties, in-house counsel to the underwriters, and counsel retained by such underwriters in connection with the lawsuit.

f. Persons whom counsel for the parties believe in good faith to have, or have had, prior access to the particular Confidential Information, or who have been participants in a communication that is the subject of the particular Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated; provided that, unless and until counsel confirms that any such persons have or have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation.

g. The Court and its employees, the triers of fact, court reporters transcribing testimony and notarizing officers.

"Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this order or any or these documents content, except as expressly authorized by this Order.

6. **Exchange of Expert Reports and Court Filings**. Expert reports exchanged by the parties and documents submitted to the Court prior to trial which contain Confidential Information and are designated as such may be shared with the persons listed in Paragraph 5, above.

7. **Further Restrictions on Access**. Confidential Information produced in accordance with the provisions of Paragraphs 5 (a), (b), (c)(ii) and (d) above shall not be made available to any person under Paragraphs 5 or 6 above unless he or she shall have the first executed an Undertaking in the form of Appendix 1 to this Order, except that a partner of a law firm representing a party, upon notifying all attorneys and employees of the firm working on this litigation of the terms of this Order, may sign a single Undertaking on behalf of the firm and its employees. Counsel for each party shall maintain a file containing the original Undertakings executed by each individual from whom counsel obtained such an Undertaking.

8. **Use of Confidential Information**. All Confidential Information produced in accordance with the provisions above shall be utilized solely and exclusively for purposes of this action, including any appeals. Confidential Information may not be used in connection with any other litigation, actual or contemplated (except as detailed in paragraph 9), or for any other purpose whatsoever, absent agreement by the parties or an order of this Court or of a Court having jurisdiction over the producing party or person. Use for purposes of this litigation shall include use in testimony and exhibits at trial, and in connection with motions, depositions, or witness preparation and counsel pretrial investigations, subject to the restrictions of this Order. A party or person may use its own designated Confidential Information for any purpose whatsoever.

9. **Requests for Production of Confidential Information.** If any of the Parties is requested to produce Confidential Information by service of a subpoena or pursuant to a court order, the party requested to make such disclosure shall promptly notify counsel for the other Parties and, to the extent possible, shall not produce anything in response to such request for at least ten (10) business days following such notice, so that the other parties may take whatever steps they deem reasonably necessary to protect the confidentiality of such information.

10. **Disputes as to Designations**. Each party and any non-party who has agreed in writing to be bound by the terms of this Order shall designate or not designate, in good faith, items of information as CONFIDENTIAL. If a party to this Order who receives any Confidential Information disagrees with respect to its designation as Confidential Information, in full or in part, it shall notify the producing party or third person in writing, and they will thereupon confer as to the designation and/or status of the subject information proffered within the context of this Order, and in so conferring shall consider withdrawing all or part of the designation or the practicality of redacting pertinent parts of such information. If the recipient and producing party or non-party are unable to concur upon the designation and/or status of the subject information, either may raise the issue of the designation or status for the Court, which shall consider the issue. The information shall remain confidential unless and until the Court rules to the contrary. In any disagreement over the designation of Confidential Information, the designating party bears the burden of showing that the designated information is Confidential Information within the scope of this Order. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent challenge on the propriety

of such designation and shall not constitute an admission that any information is in fact confidential.

11. **No Waiver**. Nothing in this Order or otherwise shall constitute a waiver of the right of any party to object at trial as to the authenticity, competency, relevance or admissibility of any information or to the fact that any Confidential Information has been so designated, nor shall such constitute a waiver of any party's right to file a motion *in limine* to preclude the trier of fact from being advised of such designation during trial, nor shall this Order, or actions taken or not taken pursuant to it, constitute an admission that materials designated as CONFIDENTIAL are appropriate.

12. **Court Filings Under Seal.** ~~The Clerk of this Court is directed to maintain under seal all documents, papers, and transcripts of depositions or hearings, filed in the Court in this litigation that have been designated, in whole or in part, as Confidential Information, which shall not be opened or released from the custody of the Clerk except upon order of the Court.~~ LLS

13. **Modification**. The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court seeking relief from or otherwise modifying or furthering this Protective Order upon good cause shown.

14. **Deposition Transcripts**. A copy of this Order (or, in lieu thereof, an oral explanation, on the record, of its terms by counsel present at the deposition) shall be presented to the court reporter upon the taking of any deposition in this action at or prior to the time when any question is

propounded involving Confidential Information. Portions of the original deposition transcript designated as Confidential shall be separately bound by the reporter, marked as provided in Paragraph 3 and on the first page with the title of the Court and the title of the case and shall be delivered to the attorneys representing the parties and deponent at the deposition. The failure of a court reporter to comply with this provision shall not eliminate any previous designations of testimony as Confidential Information made in accordance with this order. Designated portions of copies of the deposition transcript shall be treated as Confidential Information as provided by this Order. If deposition testimony requires the disclosure of Confidential Information of a party, that portion of the deposition will be closed to all persons except the deponent and those persons authorized to have access, the court reporter, and the persons designated in Paragraph 5 of this Order as applicable to the designated level of confidentiality.

15. **Survival**. This order shall survive the final termination of this action with respect to any Confidential Information. Within thirty (30) days of termination of this litigation, at the election of the producing party or non-party, the originals and all copies of Confidential Information shall be destroyed with certification of such destruction provided to counsel for the producing party or shall be returned to the counsel for the party or non-party that produced such Confidential Information, except that counsel shall be entitled to retain all pleadings, depositions, and discovery responses, as well as exhibits thereto and work product containing such information. This Court shall retain jurisdiction over this Order, the foregoing stipulation, and the parties hereto for the purposes of enforcing said Order and stipulation and adjudicating claims of breaches thereof and administering damages and other remedies related thereto.

16. **Inadvertent Disclosures**. Any item or information inadvertently furnished by the producing party or non-party during the course of this litigation without a designation of confidentiality may nevertheless subsequently be designated as Confidential Information under this Order, but only under the conditions that counsel for the receiving party (a) subsequently receive written notice from the producing party or non-party of the inadvertence and the request to thereafter treat such information as Confidential, and (b) has a reasonable opportunity to advise others to whom such information had already been disclosed that such information should thereafter be so treated.

17. **Violation**. Any person executing or bound by an Undertaking in the form of Appendix 1 to this Order shall promptly advise counsel representing the party by whom they are employed or on whose behalf they have been retained if such person learns of a violation of this Order, and it will be the responsibility of such person to ensure that counsel inform counsel for all other parties of such violation. In addition, the person learning of a violation and counsel notified by that person shall have a duty to take immediate action to mitigate and remedy any such violation to the extent possible. Compliance with this specific provision will not exempt any person, counsel, or party from possible sanction by the Court as a result of any violation of this Order.

18. **Trial.** Any application to maintain the confidentiality of documents or information at trial shall be made to the Trial Court in advance of the trial date.

Respectfully Submitted,
*Jeremy Greene*
By his Attorney,

Randolph Janis, Esq.
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, New York 10038
(212)566-7500
rjanis@douglasandlondon.com

Dated: 6/16/21

SO ORDERED: _Louis L. Stanton_
U.S.D.J. LOUIS L. STANTON
7/2/21

Respectfully Submitted,
*Scores Holding Company, Inc., Scores Media Group, LLC, Swan Media Group, Inc., Scores Digital Gaming, LLC, Robert Gans, Charilaos Yioves a/k/a Harry Yioves,*
By their Attorney,

Steven J. Harfenist
Harfenist Kraut & Perlstein, LLC
3000 Marcus Avenue, Suite 2EI
Lake Success, NY 11042
(516) 355-9600
sharfenist@hkplaw.com

Dated: June 16, 2021

See excisions on pages 4 and 8 of this Doc. 51-1

LLS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JEREMY GREENE,

                        Plaintiff,         DOCKET NO.:
                                              19-CV-6157 (LLS)

**UNDERTAKING FOR, CONFIDENTIALTY AGREEMENT**

      -against-

SCORES HOLDING COMPANY, INC., SCORES
MEDIA GROUP, LLC, SWAN MEDIA GROUP, INC.
SCORES DIGITAL GAMING, LLC, ROBERT
GANS, CHARILAOS YIOVES a/k/a HARRY YIOVES,

                                  Defendants.
-------------------------------------------------------------------X

        I, _____ , state the following:

        1. I have read and understand the attached Protective Order (the "Order"), and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound to the terms of the Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information.

        2. I shall not use or disclose to others, except in accordance with the Order, any "Confidential" documents or information. If I fail to abide by the terms of this confidentiality Agreement or the Order, I understand that I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Confidentiality Agreement.

Date: _____

                                                Signature: _____

                                                Printed Name: _____